UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JENNIFER MULLIS,

    Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

    Defendant.

CASE NO. C-1-01-713

HON. HERMAN J. WEBER

**AFFIDAVIT OF CHARLES C. DEWITT, JR. IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS**

---

Jennifer Mullis
In Pro Per

Charles C. DeWitt, Jr. (MI-P26636)
Co-Counsel for Defendant
DeWitt, Balke & Vincent, P.L.C.
200 Renaissance Center, Suite 3110
Detroit, Michigan 48243
(313) 446-6401

Donald J. Mooney, Jr. (#0014202)
Co-Counsel for Defendant
Ulmer & Berne, L.L.P.
600 Vine Street Suite 2800
Cincinnati, Ohio 45202
(513) 698-5070

---

## AFFIDAVIT OF CHARLES C. DEWITT, JR.

STATE OF MICHIGAN )
                       ) ss.
WAYNE COUNTY    )

    Charles C. DeWitt, Jr. declares, under penalty of perjury, that the following is true and correct based upon his personal knowledge and review of his personal time and firm billing records:

    1.    I have personal knowledge of the facts contained in this Affidavit and have reviewed my time and billing records regarding the facts contained in this Affidavit and can competently testify to them if called as a witness.

    2    I am an attorney with the firm of DeWitt, Balke & Vincent, P.L.C., 200

Renaissance Center, Suite 3110, Detroit, Michigan 48243.

3. I am admitted to practice law in the State of Michigan and have been a licensed attorney continuously since 1976. I am also admitted to practice law before the United States District Court for the Eastern District of Michigan (1976), the United States District Court for the Western District of Michigan (1987), the United States Court of Appeals for the Sixth Circuit (1981), and the United States Supreme Court (1995).

4. I was admitted to practice before this Court (pro hace vice) concerning the above captioned case on or about January 16, 2002 (Docket Entry #6) and have served as lead counsel for all matters in the above captioned case since the filing of this case. I have attended every Court proceeding in this matter.

5. Solely as a result of the Plaintiff's untimely third request for an extension of time (Docket Entry #54), which was reluctantly granted by the Court, I was to forced to expend at least 13.7 hours of additional time on this matter which I would not otherwise have had to expend. This time is broken down as follows:

- April 12, 2004 -- 0.9 hours
- April 13, 2004 -- 1.3 hours
- April 14, 2004 -- 4.5 hours
- April 15, 2004 -- 6.0 hours
- April 19, 2004 -- 1.0 hours

<u>13.7 hours</u>

6. Of the 13.7 hours, approximately nine (9) of the hours were spent driving to and from the Court from my office in Detroit. Of the remaining 4.3 hours, approximately 1.5 hours was spent in Court on April 15, 2003. Of the remaining 2.6 hours, 1.6 hours was spent on privileged attorney client and work product conversations with witnesses and my client. The remaining 1.0 hour was spent on preparation of this fee request.

7. My actual hourly rate charged to The Home Depot for this time is $195.00 per hour. Thus, the actual charges incurred for my fees as a direct result of Plaintiff's request is $2,671.50.

8. In addition to foregoing fees, as a direct result of Plaintiff's request I was unnecessarily forced to expend out of pocket costs of $616.83. These costs are broken down as follows: $98.46 -- Hotel bill for April 14th; $8.00 -- Parking on April 14-15, 2004; Mileage -- $210.37 (261 miles @ .375 cents per mile); $300.00 -- Donald Mooney's fees for appearance on April 15th hearing (1.5 hours x $200.00 per hour).

9. The total amount The Home Depot was forced to expend as a direct result of Plaintiff's untimely third request for an extension of time is **$3,288.33**.

10. The $3,288.93 does not take into consideration the time lost by the witnesses (Megan Clark and Michael Hawkins) who unnecessarily appeared at the hearing on April 15, 2004. Nor does the amount take into consideration the time lost by Defendant's client representative, Irv Johnson, who appeared at the April 15, 2004 hearing. Nor does the amount take into consideration the time lost by the Court and its staff.

11. Counsel for Defendant respectfully requests that the Court enter an Order requiring Plaintiff to immediately pay this amount ($3,288.33) to Defendant's counsel. In the event that the Court elects to specifically enforce the terms of the Settlement Agreement, Defendant requests that the Court enter an Order declaring that the $3,288.33 be deducted from the Settlement Amount paid to Plaintiff.

_____
Charles C. DeWitt, Jr.

Subscribed and sworn to before me
this 20th day of April, 2004.

_____
Notary Public

DEBRA ANN DIMASCIO
NOTARY PUBLIC WAYNE CO., MI
MY COMMISSION EXPIRES Aug 17, 2005

- 3 -

## CERTIFICATE OF SERVICE AND FILING

The undersigned certifies that a copy of the foregoing was filed electronically with the Court on April 20, 2004, and served this 20th day of April, 2004, by regular U.S. Mail, upon Jennifer Mullis, PO Box 31356, Cincinnati, Ohio 45231.

/s/ Jacqueline Schuster Hobbs